O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JULIO ZUNIGA, | ) Case No. EDCV 13-2055-SVW (OP) |
| Petitioner, | ) |
| v. | ) MEMORANDUM AND ORDER RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2254) AS SUCCESSIVE |
| B.M. CASH, Warden, | ) |
| Respondent. | ) |

## I.

## **INTRODUCTION**

On November 8, 2013, Jose Julio Zuniga ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) On January 15, 2014, Respondent filed a Motion to Dismiss the Petition as second and successive to a previously filed § 2254 petition, case number CV 06-337-SVW (OP), which challenged the same conviction herein. (ECF No. 10.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district

court. Specifically, the Court finds that the Petition is subject to dismissal as successive.

## II.
## PROCEDURAL HISTORY

**A.     State Proceedings.**

On November 4, 1999, Petitioner was convicted after a jury trial in the San Bernardino County Superior Court, case number FSB14826, of multiple counts of forcible lewd act on a child (Cal. Penal Code § 288(b)(1)) and one count of aggravated sexual assault of a child (Cal. Penal Code § 269(a)(4)). (Pet. at 2, unnumbered Ex. at 297-301; EDCV 06-337-SVW (OP) ECF Nos. 11, 12.) On December 6, 1999, Petitioner was sentenced to an aggregate term of imprisonment of seventy-one years to life in state prison. (Pet. at 3; EDCV 06-337-ECF Nos. 11, 12; Lodgment No. 2 at 2.)

On June 20, 2000, Petitioner filed a direct appeal with the California Court of Appeal which was denied on April 10, 2001. (EDCV 06-337 ECF Nos. 11, 12; Lodgments 1, 2.) On May 15, 2001, Petitioner filed a petition for review in the California Supreme Court which was denied on June 20, 2001. (Id.; Lodgments 4, 5.)

On February 19, 2005, Petitioner constructively filed a petition for writ of habeas corpus in the California Supreme Court which was denied on January 18, 2006, with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998), and In re Waltreus, 62 Cal. 2d 218 (1965). (EDCV 06-337 ECF Nos. 11, 12; Lodgments 6, 7.)

**B.     Federal Habeas Proceedings.**

On March 15, 2006, Petitioner constructively filed his first § 2254 petition in this Court. (Id. ECF No. 1.) On June 22, 2006, Respondent filed a Motion to Dismiss the Petition as untimely. (Id. ECF Nos. 6, 7.) In the petition, Petitioner challenged the same conviction he challenges herein, albeit on different grounds.

(Compare Pet. at 5, 6; EDCV 06-337 ECF No. 1 at 5.)

On April 18, 2007, an Order and Judgment were entered denying the Petition and dismissing the action with prejudice. (EDCV 06-337 ECF Nos. 14, 15.) On May 29, 2007, an Order was entered denying the issuance of a certificate of appealability. (Id. ECF No. 17.) On April 7, 2008, an Order was entered by the Ninth Circuit also denying the issuance of a certificate of appealability. (Id. ECF No. 21.) There is no indication on the Court's docket or otherwise that Petitioner has obtained approval from the Ninth Circuit to file a successive habeas petition challenging the aforementioned conviction.

## III.
## DISCUSSION

**A.   Standard of Review.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false).

Title 28 U.S.C. § 2244 is entitled "Finality of determination" and provides in pertinent part that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior

application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

Generally speaking, a petition is second or successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001). Moreover, although a dismissal based upon the statute of limitations does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. McNabb v. Yates, 576 F.3d

1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)); Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).

As set forth above, before a second or successive application permitted under 28 U.S.C. § 2244 is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Furthermore, "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4); see also Cooper, 274 F.3d at 1274 (once petition recognized as "second or successive" under § 2244(b), district court lacks jurisdiction to consider petition absent authorization from court of appeals) (citations omitted).

**B.     Analysis.**

It appears from the face of the Petition that Petitioner is challenging the same November 1999 conviction in the San Bernardino County Superior Court, case number FSB14826, that he challenged in the prior § 2554 petition filed in this District, for which he was sentenced to a total state prison term of seventy-one years to life. (Compare EDCV 13-2055 ECF No. 1 at 5, 6; EDCV 06-337 ECF No. 1 at 5.) As to the prior § 2254 petition, on April 18, 2007, an Order and Judgment were entered denying the Petition and dismissing the action with prejudice. (EDCV 06-337 ECF Nos. 14, 15.) On May 29, 2007, an Order was entered denying the issuance of a certificate of appealability. (Id. ECF No. 17.) On April 7, 2008, an Order was entered by the Ninth Circuit also denying the issuance of a certificate of appealability. (Id. ECF No. 21.)

In the current Petition, Petitioner seeks to raise additional claims that were not presented in his prior § 2254 petition. (Pet. at 5, 6.) Since the current Petition

1  is successive, Petitioner must seek an order from the Ninth Circuit authorizing this
2  Court to consider the Petition. 28 U.S.C. § 2244(b)(3)(A). There is no indication
3  that Petitioner has obtained such approval prior to the filing of the current Petition.
4  Thus, this Court lacks jurisdiction to address the merits of the Petition. See 28
5  U.S.C. § 2244(b)(3); Cooper, 274 F.3d at 1274 (stating that failure to request the
6  requisite authorization to file a second or successive § 2254 petition from the
7  circuit court deprives the district court of jurisdiction).

## IV.
## ORDER

IT IS THEREFORE ORDERED that the Petition is hereby dismissed without prejudice as successive,[1] and Judgment shall be entered accordingly.

The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED: February 10, 2014

HONORABLE STEPHEN V. WILSON
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[1] In light of the ruling herein, the Court denies Respondent's Motion to Dismiss as moot. (ECF No. 10.)